UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60512-CIV-ROSENBAUM/DUBÉ

MARTIN BOOK,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Robert L. Dubé filed in this matter on July 3, 2012 [D.E. 32]. On July 23, 2012, Plaintiff Martin Book filed Objections [D.E. 36]. In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the entire record and is duly advised in the premises.

In reviewing claims brought under the Social Security Act, a court's role is a limited one. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The Commissioner's findings of fact must be affirmed if they are supported by "substantial evidence*." Id.*; *Richardson v. Perales*, 402 U.S. 389 (1971). "Substantial evidence" is more than a scintilla of evidence but less than a preponderance and is such relevant evidence that a reasonable person might accept as adequate to support the challenged conclusion. *Id.* at 401; *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*,

703 F.2d at 1239.  The scope of review is limited to an examination of the record only.  *Reynolds v. Secretary of HHS*, 707 F.2d 927 (6th Cir. 1983).  If the administrative law judge's ("ALJ") decision is supported by substantial evidence, the reviewing court must affirm the decision.  *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  In addition to determining whether the Commissioner's factual findings are supported by substantial evidence, the court must determine whether the ALJ properly applied the correct legal standards.  *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

Plaintiff Book sought review of the determination of the ALJ that he is not disabled under the Social Security Act and retains residual functional capacity to perform the full range of light work.  Plaintiff Book and Defendant Michael J. Astrue, Commissioner of Social Security, filed cross-motions for summary judgment on the issues.  In his Report and Recommendation, the Honorable Robert L. Dubé found that substantial evidence supported the determination of the ALJ and that the ALJ applied the proper legal standards.  *See* D.E. 32.  He therefore recommended that the Court affirm the Commissioner's decision, grant Defendant's Motion for Summary Judgment [D.E. 28], and deny Plaintiff's Motion for Summary Judgment [D.E. 22].  *Id.*

Plaintiff objects to the Report, contending that Magistrate Judge Dubé concluded in error that the ALJ correctly found that Plaintiff does not suffer from a severe mental impairment.  In this respect, Plaintiff asserts that the ALJ "inexplicably rejected" the opinion of Dr. Laura A. Cohen that Plaintiff suffered from depressive disorder that was severe.  *See* D.E. 36 at 2.  As Magistrate Judge Dubé explained, however, significant other aspects of Dr. Cohen's report — or her "findings on evaluation," as the ALJ described them — were inconsistent with her conclusion that Plaintiff suffered from severe depressive disorder.  *See* D.E. 32 at 7.  For example, as Dr. Cohen stated in her

report, at the time the Dr. Cohen evaluated him, Plaintiff was working as a taxi cab driver for approximately ten hours a day, five days a week. *Id.* (citing R. 328). Likewise, Dr. Cohen observed that although Book had poor concentration, he was alert; had a pleasant affect; had a good immediate, recent, and remote memory; had a "fair to good" general fund of knowledge; and had fair abstract reasoning.

And the ALJ pointed further to Plaintiff's own description of his daily activities as undermining Dr. Cohen's conclusion that Plaintiff suffered from severe depressive disorder. Among such activities, Plaintiff testified that he drives five to ten times weekly; he is an elected precinct captain for a political party and that he attends related meetings monthly; he interviews for jobs and regularly drives to the unemployment office; and he spends time doing housework.

In addition, as Magistrate Judge Dubé pointed out, two separate psychiatric evaluations by non-examining clinical psychologists determined that Plaintiff's mental impairments were not severe under the SSA regulatory definition. Both evaluations concluded that Plaintiff has only mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace; both also noted no episodes of decompensation of extended duration. Similarly, another psychologist who examined Plaintiff in July 2009, diagnosed him with panic disorder on the basis of Plaintiff's statements and gave him a Global Assessment of Function score of 69, indicating mild symptoms. *Pickett v. Astrue*, 617 F. Supp. 2d 1165 n.7 (M.D. Fla. 2008) (a GAF score between 61 and 70 indicates "some mild symptoms" but "generally functioning pretty well") (citing DSM-IV at 32). Under these circumstances, the Court cannot conclude that substantial evidence did not support the ALJ's determination to discredit Dr. Cohen's finding that Plaintiff suffered from severe, as opposed to mild, depressive disorder.

Next, Plaintiff objects to the ALJ's lack of specific mention of the findings of Dr. Leonard Sehnur, a psychologist, and Holly Vazquez, who, at the time of evaluation, was a "psychology trainee" and therapist. But Ms. Vazquez was not a licensed or certified psychologist at the time that she evaluated Plaintiff. Accordingly, the ALJ was not required to consider her opinion. *See* 20 C.F.R. § 404.1513(a) (acceptable medical sources whose opinions must be considered); 20 C.F.R. § 404.1513(d) (other sources whose opinions *may* be considered).

As for Dr. Sehnur, it is true that the ALJ should have considered his opinion or stated explicitly why he did not do so. But the Court agrees with Magistrate Judge Dubé's conclusion that the ALJ failure to expressly discuss Dr. Sehnur's opinion amounted to harmless error. Dr. Sehnur made a provisional assessment of Plaintiff as suffering from panic disorder without agoraphobia. But considered in the context of his full report, this assessment does not indicate that Plaintiff suffers from severe mental impairments. To the contrary, Dr. Sehnur described Plaintiff as having appropriate speech; being oriented to time, place, person, and situation; having an appropriate mood and affect; being alert; evidencing coherent thought processes and content; denying hallucinations and delusions; having above-average intellect and intact memory, with good ability to concentrate throughout the evaluation. In addition, Dr. Sehnur opined that Plaintiff appeared to have appropriate social judgment and some insight into the root of his problems, as well as adequate impulse control. Thus, consideration of Dr. Sehnur's evaluation does not undermine the reasoning underlying the ALJ's decision in this case and could not reasonably be expected to result in a different determination regarding Plaintiff's alleged disability. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (discussing "harmless errors").

Plaintiff also asserts that the ALJ's residual functional capacity ("RFC") finding was not

based on substantial evidence. In particular, Plaintiff complains that the RFC "is incomplete" because the ALJ "should have included the limitations induced by the panic disorder and mental condition, as articulated by [Dr. Sehnur and Ms. Vazquez]." D.E. 36 at 5. The Court has already addressed these objections above.

Finally, Plaintiff "rests on Arguments #3 and #5 from Plaintiff's Motion for Summary Judgment." D.E. 36 at 9. On these points, for which Plaintiff sets out no specific objections to Magistrate Judge Dubé's Report and Recommendation, the Court, after conducting a *de novo* review, notes simply that it agrees with the reasoning and analysis of Magistrate Judge Dubé.

In short, after carefully considering Plaintiff's Objections, the Court agrees with the reasoning and analysis of Magistrate Judge Dubé that Plaintiff had a fair hearing and full administrative consideration in accordance with the applicable statutes and regulations, that the ALJ was justified in reaching the decision, and that substantial evidence supports the ALJ's findings. It is not this Court's role to re-weigh evidence; instead, the Court must determine whether the record as a whole includes sufficient evidence to support the decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also* 42 U.S.C. § 405(g).

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Dubé's Report and Recommendation [D.E. 32] is **ADOPTED**.
2. Plaintiff's Objections to the Report [D.E. 36] are **OVERRULED**.
3. Plaintiff's Motion for summary Judgment [D.E. 22] is **DENIED**.
4. Defendant's Motion for Summary Judgment [D.E. 28] is **GRANTED**.
5. The decision of the Commissioner is **AFFIRMED**.
6. In accordance with Rule 58, Fed. R. Civ. P., a separate judgment will be entered.

      7.      The Clerk shall **CLOSE** this case.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 23rd day of July 2012.

                                          ROBIN S. ROSENBAUM
                                          UNITED STATES DISTRICT JUDGE

cc:      The Honorable Robert L. Dubé
           Counsel of Record